NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CUSTOM PRODUCTION MFG., INC., | : | |
| | : | Case No. 04-39473 (KCF) |
| Debtor. | : | |
| | : | |
| WATSON INDUSTRIES, INC., et al., | : | |
| | : | |
| Appellants, | : | Civil No. 04-0936 (AET) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| CUSTOM PRODUCTION MFG., INC., | : | |
| | : | |
| Appellee. | : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on appeal by Watson Industries, Inc. and Benjamin Okwumabua ("Appellants") from (1) the January 24, 2006 Order of the Bankruptcy Court denying Appellants' motion for relief from the automatic stay, and (2) the January 26, 2006 Order of the Bankruptcy Court granting Debtor/Appellee Custom Production Mfg., Inc.'s ("CPM") motion for entry of final decree. The Court has made its decision based on the submissions of the parties, and without oral argument pursuant to Fed. R. Bankr. P. 8012. For the reasons stated below, the Orders of the Bankruptcy Court are affirmed. The Court presumes the parties' familiarity with the facts and procedural history, which it includes only as necessary to explain its decision.

JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to hear appeals "from final judgments, orders, and decrees; . . . and, with leave of the court, from interlocutory orders and decrees" entered by the Bankruptcy Court. 28 U.S.C. § 158(a). The Court reviews the Bankruptcy Court's "findings of fact for clear error and exercise[s] plenary review over the Bankruptcy Court's legal determinations." In re Pillowtex, Inc., 349 F.3d 711, 716 (3d Cir. 2003); see also Fed. R. Bankr. P. 8013.

DISCUSSION

Appellants contend that the Bankruptcy Court erred (1) in its January 24, 2006 order by declining to modify the automatic stay to permit them to pursue a lawsuit against CPM and Carlo Montesano, CPM's principal, in New York state court, and (2) in its January 26, 2006 order by entering a final decree that "extends to the discharge of nondebtor Carlo Montesano's third party liabilities" to Appellants. (Appellants' Notice of Appeal 2.) Appellee responds that any claims Appellants may possess against CPM and Mr. Montesano were discharged by the Bankruptcy Court's order confirming CPM's reorganization plan and that, accordingly, there was no error.

As an initial matter, the Court notes that the automatic stay is no longer in effect, having continued only until the time of discharge or, at the latest, until the entry of the Bankruptcy Court's final decree closing the case. See 11 U.S.C. § 362(c)(2). Accordingly, Appellants' challenges to the Bankruptcy Court's decision regarding the stay are moot. Further, the Bankruptcy Court's final decree was "merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act." In re Greater Jacksonville Transp. Co., 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994). The decree did not "determine with finality the substantive rights of parties of interest" and, accordingly, did not operate to discharge Mr. Montesano's liabilities

to Appellants. See id.  That result was accomplished instead by the Bankruptcy Court's order confirming CPM's reorganization plan.  See 11 U.S.C. § 1328.  The Court concludes, therefore, that what Appellants truly seek on this appeal is modification of the confirmed plan insofar as it serves to release Mr. Montesano.

To that end, Appellants argue that the Bankruptcy Code and In re Continental Airlines, 203 F.3d 203 (3d Cir. 2000), do not allow for the release of non-debtor parties.  Appellants, however, did not object to the release of Mr. Montesano before confirmation of the plan, or at any time after.  See Fed. R. Bankr. P. 3017(a), 3020(b).  This Court agrees with the observation of the Bankruptcy Court—had Appellants raised an objection to the release of Mr. Montesano prior to confirmation, they "almost certainly would have succeeded" under Continental.  (Tr. of Jan. 23, 2006 Hr'g 3.)  Despite having received ample notice, however, Appellants did not do so. In the absence of such an objection, the Bankruptcy Court was correct to infer Appellants' acceptance of the plan.  See In re Szostek, 886 F.2d 1405 (3d Cir. 1989).

The confirmation order became final when no appeal was filed within ten days of its entry.  Fed. R. Bankr. P. 8002(a).  From that point, the order was "res judicata as to all issues decided or which could have been decided at the hearing on confirmation."  See Szostek, 886 F.2d at 1408.  Appellants chose not to appeal from the confirmation order and did not make a showing of fraud.  Thus, they cannot now seek review or modification of the confirmed plan, see Szostek, 886 F.2d at 1409, and the plan's release of Mr. Montesano cannot be disturbed, see, e.g., Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir. 1987).

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 28th day of August, 2006,

ORDERED that the January 24, 2006 Order of the Bankruptcy Court is AFFIRMED; and it is further

ORDERED that the January 26, 2006 Order of the Bankruptcy Court is AFFIRMED.

                              s/Anne E. Thompson
                              ANNE E. THOMPSON, U.S.D.J.